**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                                       Case No. 06-cr-034-01-PB

<u>Quenta Parker</u>

**<u>O R D E R</u>**

    The defendant, Quenta Parker, moves for a sentence reduction based upon the cocaine base ("crack cocaine") amendments to the Federal Sentencing Guidelines implementing the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("2010 Fair Sentencing Act") (doc. no. 138).  Because there is no reasonable probability that the defendant is entitled to a sentence reduction based on this retroactive amendment, his request for counsel is DENIED.

    On August 3, 2010, Congress enacted the 2010 Fair Sentencing Act to restore fairness to crack cocaine sentences.  Specifically, the Fair Sentencing Act increased the threshold quantity of crack cocaine for certain base offense levels listed in the Drug Quantity Table in §2D1.1, eliminated the mandatory minimum sentence for simple possession of crack cocaine, and directed the United States Sentencing Commission ("Commission") to review and amend the sentencing guidelines to account for specified aggravating and mitigating circumstances in certain drug cases.

Pursuant to the directive in the 2010 Fair Sentencing Act, the Commission promulgated a temporary, emergency amendment implementing the Act effective November 1, 2010. *See* United States Sentencing Commission, *Supplement to the 2010 Guidelines Manual* (Nov. 1, 2010).  On April 6, 2011, the Commission re-promulgated as permanent the temporary, emergency amendment and, pursuant to 28 U.S.C. §994(p), submitted Amendment 750 for congressional review on April 28, 2011.

On June 30, 2011, the Commission voted to add Parts A and C of Amendment 750 to §1B1.10(c), which identifies those amendments to the Federal Sentencing Guidelines that may be considered for retroactive application pursuant to 28 U.S.C. §994(u).  Part A amended the Drug Quantity Table in §2D1.1 for crack cocaine offenses and made related revisions to Application Note 10 to §2D1.1.  Part C deleted the cross reference in §2D2.1(b) under which an offender who possessed more than five (5) grams of crack cocaine was sentenced under §2D1.1.  On November 1, 2011, the amendment to §1B1.10 took effect, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of Parts A and C of Amendment 750 were authorized.

In this case, the defendant is not eligible to seek a reduced sentence under the retroactively applicable amendment.

On October 3, 2006, the defendant pled guilty to one (1) count of Conspiracy to Distribute Cocaine Base "Crack," in

violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(A)(iii) and 846, one (1) count of Possession with Intent to Distribute, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A)(iii), and one (1) count of Possession of a Firearm in Furtherance of Drug Trafficking Crime, in violation of 21 U.S.C. §§ 924 (c)(1)(A).  Although his base offense level was 34, the parties agreed to a 2 point enhancement for his role in the offense and 3 point adjustment for acceptance of responsibility.  As a result, the defendant's total offense level was determined to be 33 and his guideline sentencing range was 135 to 168 months on counts one (1) and two (2), plus a 60 month consecutive sentence on count three (3). Although the defendant was subject to a ten (10) year mandatory minimum sentence, the court imposed a higher sentence of 195 months (135 months on counts 1 and 2, to be served concurrently, and 60 months on count 3, to be served consecutively).  The court also imposed five years of supervised release on counts 1 and 2, and 3 years on count 3, to be served concurrently.

   On this record, the defendant is plainly not entitled to a sentence reduction based on a retroactive application of the 2010 Fair Sentencing Act amendment (Amendments 750, Parts A and C). Because the defendant's offense involved greater than 1,000 grams of cocaine base ("crack"), his base offense level of 34 remains unchanged by the amendment.  U.S.S.G. § 2D1.1(c)(3).  Thus, he is not entitled to a reduction of his sentence under the 2010 Fair Sentencing Act.  Because it would be futile and an unnecessary

3

expenditure of taxpayer monies to appoint counsel to pursue a sentence reduction on his behalf, the defendant's motion to appoint counsel (document no. 138) is DENIED.

    **SO ORDERED.**

Date: February 28, 2012      /s/ Paul Barbadoro
                                      Paul Barbadoro
                                      United States District Judge

cc:   Quenta Parker, pro se